IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 97-30694

---

UNITED STATES OF AMERICA

                               Plaintiff-Appellee,

versus

TROY DOUGLAS ALLEN

                               Defendant-Appellant

---

Appeal from the United States District Court
For the Middle District of Louisiana
(96-CR-73-ALL)

---

April 16, 1998

Before WISDOM, JOLLY, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

Troy Douglas Allen appeals his conviction for striking and causing bodily injury to two inmates in violation of 18 U.S.C. §242. We reject his claims of error and AFFIRM the conviction. We also VACATE the sentence and REMAND for sentencing anew.

I.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Allen's main contention is that the government failed to disclose information about the two victims, Ponthieux and Rini, who testified against him. On the state of this record we are not persuaded that any undisclosed information was material. Allen is unable to either demonstrate the admissibility of the information or to articulate any line of defense that it might have opened up.

The information not disclosed before trial included evidence that Ponthieux had lied regarding his participation in certain sex acts with other inmates. The complete record discloses this lie, but put in context, it loses its sting. Ponthieux also had explained that he had been put in lockdown for five days before he agreed to give a statement; a statement he promptly recanted to other prison officials on his release from lockdown. The complete story injures Allen's <u>Brady</u> claim in two ways. First, it has a back edge with its evidence of mistreatment by prison guards. Second, developing the full context of the statement would have taken the trial into a collateral matter such that the district court cannot be faulted for deciding it would not have been admitted.

The information that Rini had earlier made a false charge against a guard suffers from similar fault. The record is far more equivocal. At best, it established that a previous claim that a guard had used excessive force against him by grabbing him by the neck was determined to not have been established. The factual basis of the rejection was that the injury to Rini's neck was

2

inconsistent with his having been choked, as he claimed. The difficulty is that was not Rini's claim. This undisclosed information was not as clear cut as Allen now urges. It would have been of dubious value to the defense and would have required a side trial of the earlier charge.

The evidence against Allen was compelling. Ponthieux suffered severe injuries requiring surgery and extensive care. The surgeon testified that the injuries could not have been self-inflicted and were consistent with being hit by a round object such as a fist while lying flat on a bed or against a wall. This is in the teeth of the speculative defensive theory that the inmates were fighting among themselves and contrived the charges to avoid punishment. Immediately after Allen left for the day, Ponthieux told the incoming guard, Sergeant Oscar Coney, about the beating. Nurse Scott testified that there had been no fights between the young inmates on that day; that when she saw the injuries of Rini and Ponthieux, they said that Allen had beaten them. In short, the government's case against Allen was compelling. We can find no reversible error in the failure to disclose Allen complains of here.

II.

The government concedes that the district court erred in ruling that it lacked authority to depart downward on the combination of factors urged by Allen. We are unsure whether the

3

district court would have done so with a correct view of the law. We must then vacate the sentence and remand the case to the district court for sentencing anew. We do not suggest that the district court must impose a different sentence, only that the sentence must flow from a correct view of the range of discretion to be exercised. This hair splitting is a price of the sentencing guideline regime.

The judgment of conviction is AFFIRMED. The sentence is VACATED and the case is REMANDED for sentencing anew.

AFFIRMED in part and VACATED and REMANDED in part.

4